RAWLINSON, Circuit Judge,
concurring in.part and dissenting in part:
I concur in that portion of the disposition denying the petition for review of the denial of the first motion to reopen filed by Asal Nazi (Nazi).
I respectfully dissent from that portion of the disposition granting the petition for review of the denial of Nazi’s second motion to reopen.
We review denial of the motion to reopen for an abuse of discretion. See Go v. Holder, 744 F.3d 604, 609 (9th Cir.2014). Applying this standard, the decision of the Board of Immigration Appeals (BIA) “may-only be reversed if it is arbitrary, irrational, or contrary to the law.” Id. (citation and internal quotation marks omitted). In my view, this standard has not been met.
Nazi specifically contends that the BIA abused its discretion in holding that she failed to demonstrate individualized threats to her in Iran, and in holding that her political activities were limited to the extent that she would not have come to the attention of Iranian authorities.
The BIA concluded that Nazi’s supplemental declaration reflected only that she had “been involved in an unspecified manner with other Iranians”; had “been attending protests by Federal Building in Los Angeles”; and had “attended a silent vigil elsewhere in the memory of a woman named Neda killed in Iran during the unrest following the 2009 presidential elections.” (internal quotation marks omitted).
The BIA noted that the photos submitted by Nazi included ones that appeared “to have been taken on a single unknown date at an unidentified location.” The BIA observed that it was “unclqar where and *347 when the photos spelling out ‘Neda’ were taken.” The BIA analyzed the photos as suggesting “at most” that Nazi attended one rally in Los Angeles and “perhaps a separate vigil” at an unknown location.
The BIA noted that Nazi submitted no evidence that anyone in Iran was even aware of her involvement in any protests in America. The BIA thus rejected Nazi’s “characterization of herself as a ‘visible’ opposition political activist and/or dissenter.” (citations omitted); see Bhasin v. Gonzales, 423 F.3d 977, 984 (9th Cir.2005) (articulating that “an applicant must generally show an individualized, rather than a generalized, risk of persecution” to meet the prima facie eligibility requirement for a motion to reopen); see also Najmabadi v. Holder, 597 F.3d 983, 990 (9th Cir.2010) (denying challenge to denial of motion to reopen because substantial evidence supported the BIA’s conclusion that the petitioner’s evidence that she was a “westernized woman” and a political dissenter to the Iranian regime did not demonstrate an individualized threat but rather “conditions affecting the population at large”).
The BIA’s view of this evidence was not “arbitrary, irrational, or contrary to law.” Go, 744 F.3d at 609 (citation omitted). Although the BIA could have determined that the submitted evidence presented a reasonable likelihood that.Nazi would suffer persecution in Iran, it was not compelled to do so. See Najmabadi, 597 F.3d at 986 (recognizing the “broad discretion to grant or deny” a motion to reopen).
It is inappropriate for us as a reviewing court to re-weigh the evidence presented to the BIA and reach a different conclusion. As our colleague Judge Farris so eloquently stated: “[The majority] would re-try. I am content to review.” Li v. Ashcroft, 378 F.3d 959, 964 n. 1 (9th Cir.2004).
I respectfully dissent.